Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| EDWIN FRANQUI MARRERO<br><br>Parte Apelante<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Parte Apelada | TA2025AP00246 | *APELACIÓN*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso núm.: MZ2025CV01060<br><br>Sobre: Mandamus, Sentencia Declaratoria, Injunction Preliminar e Injunction Permanente |

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Juez Aldebol Mora y el Juez Robles Adorno.[1]

Robles Adorno, Juez Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 14 de octubre de 2025.

El 24 de julio de 2025, el señor Edwin Franqui Marrero (el señor Franqui Marrero o el apelante) presentó ante nos un recurso de *Apelación* en el que solicitó que revoquemos la *Sentencia* emitida el 25 de junio de 2025, notificada el 26 de junio de 2025, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI o foro primario).[2]

En el aludido dictamen, el TPI resolvió que carecía de jurisdicción puesto que el apelante no cumplió con la doctrina de agotamiento de remedios administrativos. Ello, toda vez que no presentó un recurso de *Revisión Judicial* ante este Tribunal de Apelaciones tras ser el recurso correcto para solicitar que se revoque

---

[1] Véase OATA-2025-170 del 3 de septiembre de 2025 en la que se designa al Juez Robles Adorno en sustitución de la Juez Salgado Schwarz.
[2] Apéndice de la Apelación, *Sentencia*.

la *Resolución* emitida el 12 de mayo de 2025, notificada al apelante el 12 de junio de 2025 por la Junta de Libertad Bajo Palabra (JLBP).[3]

Por los fundamentos que expondremos a continuación, confirmamos la *Sentencia* apelada.

**I.**

El caso de epígrafe tiene su inicio cuando el 27 de septiembre de 2023, el Departamento de Corrección y Rehabilitación (DCR) refirió al señor Franqui Marrero a la JLBP para que evaluara si este cualificaba para obtener el privilegio de libertad bajo palabra.[4] Es menester señalar que, el señor Franqui Marrero fue declarado culpable por el foro primario tras infringir los siguientes delitos: Asesinato en Primer Grado (Art. 93 del Código Penal de 1974, 33 LPRA sec. 4001), Asesinato en Segundo Grado (Art. 93 del Código Penal de 1974, *supra* sec. 5142), Tentativa de Asesinato (Art. 35 del Código Penal de 1974 *supra* sec. 3121), Secuestro (Art. 157 del Código Penal de 1974 *supra* sec. 4178), Robo (Art. 189 del Código Penal de 1974 *supra* sec. 4279) , Robo Agravado (Art. 190 del Código Penal de 1974 *supra* sec. 4277) e infracciones a la Ley de Armas (Art. 1.01 de la derogada *Ley de Armas de Puerto Rico*, Ley Núm. 404 de 11 de septiembre de 2000 (Ley Núm. 404-2000), según enmendada, 25 LPRA sec. 455, *et. seq*).[5]

Tras diversos trámites procesales, el 10 de diciembre de 2024, notificada al apelante el 7 de enero de 2025, la JLBP emitió una *Resolución interlocutoria* en la que informó que el señor Franqui Marrero cumplió, el 1 de diciembre de 2023, el mínimo de sentencia requerido para la concesión del privilegio de libertad bajo palabra.[6] En esa línea, le solicitó al DCR que le remitiera una *Certificación de Delito Excluyente* conforme la Ley Núm. 85 del 28 de mayo de 2024

---

[3] Entrada Núm. 1 del caso MZ2025CV01060 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[4] Apéndice de la Apelación*, Resolución del 12 de mayo de 2025.*

[5] *Íd.*

[6] Entrada Núm. 1 del caso MZ2025CV01060 en el SUMAC.

(Ley Núm. 85-2024) en la que indicara en qué fecha el apelante cumpliría la sentencia impuesta por el delito de Secuestro. Asimismo, le concedió al DCR un plazo de sesenta (60) días, contados a partir de la notificación de la resolución en cuestión, para que le remitiera la *Certificación de Delito Excluyente* solicitada. A su vez, informó que, volvería a considerar el caso en marzo de 2025 o a partir del recibo de la información solicitada.

El 15 de enero de 2025, el DCR emitió *una Certificación de delito excluyente conforme la Ley Núm. 85-2024*, en la que certificó que el señor Franqui Marrero cumpliría con la sentencia impuesta por el delito de Secuestro el 20 de marzo de 2054.[7] Indicó que no cualificaba para el privilegio de libertad bajo palabra a tenor con lo establecido en la Ley Núm. 85-2024. Ello, toda vez que por los delitos que fue convicto no cualificaba para gozar de dicho privilegio.

El 21 de enero de 2025, el DCR le remitió a la JLBP una *Hoja de Control sobre Liquidación de Sentencias* en la que le informó las fechas en que el apelante cumpliría con las sentencias de los delitos en que fue encontrado culpable por el TPI.[8]

Ese mismo día, la División de Remedios Administrativos del DCR emitió una *Respuesta del área concernida,* en relación con la *Certificación de delito excluyente conforme la Ley Núm. 85-2024*, en la que le enfatizó que no podía beneficiarse de la libertad de acuerdo con lo establecido en la Ley Núm. 85-2024.[9]

Tiempo después, el 12 de mayo de 2025, notificada al señor Franqui Marrero el 12 de junio de 2025, la JLBP emitió una *Resolución* en la que resolvió que, en virtud de la información contenida en la *Certificación de Delito Excluyente* y la Sección 3 de la Ley Núm. 85-2024, la JLBP carecía de jurisdicción para

---

[7] Entrada Núm. 1 del caso MZ2025CV01060 en el SUMAC.
[8] Entrada Núm. 1 del caso MZ2025CV01060 en el SUMAC.
[9] Entrada Núm. 1 del caso MZ2025CV01060 en el SUMAC.

concederle al apelante el privilegio de libertad bajo palabra.[10] Ello, debido a que la Sección 3 de la Ley Núm. 85-2024, prohíbe que se le conceda a una persona convicta por un delito de secuestro el privilegio de libertad bajo palabra, delito por el cual el apelante cumple una sentencia.

Insatisfecho, el 13 de junio de 2025, el señor Franqui Marrero presentó una *Reconsideración* en la que argumentó que se le violentó el debido proceso de ley tras aplicársele una ley que de su faz era inconstitucional.[11] En esa línea, el apelante arguyó que se le aplicó una ley *ex post facto* puesto que la Ley Núm. 85-2024, fue aplicada de forma retroactiva y tuvo el efecto de privar al apelante de gozar del privilegio de la libertad bajo palabra.

El 25 de junio de 2025, notificado al apelante el 27 de junio de 2025, la JLBP emitió una *Resolución y Orden* en la que declaró No Ha Lugar la *Moción de reconsideración* instada por el apelante.[12]

Ese mismo día, el apelante instó un *Mandamus* ante el foro primario en el que solicitó que este emitiera una *Sentencia Declaratoria* en la que revisara la *Resolución* emitida por la JLBP dado que dicho organismo administrativo le denegó la solicitud, para obtener el privilegio de libertad bajo palabra, tras aplicarle una ley *ex post facto* para fundamentar su denegatoria. Además, suplicó que el foro primario emitiera un *injunction preliminar* y un *injunction permanente*. Con respecto al *injunction preliminar*, el apelante alegó que al aplicarle la Ley Núm. 85-2024, le ha sido vedado el poder gozar de la libertad bajo palabra. Por tanto, solicitó que el *foro a quo* le ordenara a la JLBP desistir de aplicarle al apelante el citado estatuto. En cuanto al *injunction permanente*, el señor Franqui Marrero solicitó que el TPI declarara inconstitucional la Ley Núm. 85-2024 tras surgir de su faz la inconstitucionalidad del estatuto.

---

[10] Entrada Núm. 1 del caso MZ2025CV01060 en el SUMAC.
[11] Entrada Núm. 1 del caso MZ2025CV01060 en el SUMAC.
[12] *Íd., Resolución y Orden.*

En igual fecha, notificada el 26 de junio de 2025, el TPI emitió una *Sentencia* en la que desestimó la causa de acción por carecer de tener jurisdicción.[13] A esos fines, el TPI determinó que el apelante debió haber agotado todos los remedios administrativos disponibles ante la JLBP. Con ello, el foro primario resolvió que el apelante tenía a su alcance el presentar un recurso de revisión judicial ante este Tribunal de Apelaciones para cuestionar el dictamen de la JLBP. Por tanto, el TPI desestimó, sin perjuicio, el pleito.

Inconforme, el 24 de julio de 2025, el apelante compareció ante nos mediante un recurso de *Apelación* en el que formuló los siguientes señalamientos de error:

Primer error: El TPI tiene jurisdicción en atender el auto de injunction ya que la parte solicitante tiene un daño irreparable por medio de una ley ex post facto. En este caso la Ley [Núm.] 85-2024.

Segundo error: La certificación del DCR es por medio de la hoja de control de liquidación de sentencias.

Tercer error: La JLBP no puede utilizar las denuncias o la acusación para establecer que no tiene jurisdicción en el caso.

Cuarto error: La JLBP no puede desmenuzar la sentencia emitida por el TPI para establecer un término mayor, aplicando la Ley [Núm.] 85-2024.

Quinto error: La aplicación al peticionario de la exclusión mencionada constituiría una violación contra la garantía establecida en la Sección 12 del Art. II de la Constitución de Puerto Rico contra la aprobación de leyes ex post facto; véase, además, el Art. I, Secciones 9 y 10 de la Constitución de los Estados Unidos de América.

En atención a nuestra *Resolución*, el 22 de septiembre de 2025, el Estado Libre Asociado de Puerto Rico instó un *Alegato en oposición*.

Con el beneficio de la comparecencia de las partes, procederemos a resolver el caso ante nuestra consideración.

---

[13] Entrada Núm. 1 del caso MZ2025CV01060 en el SUMAC.

**II.**

**A.**

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante entre las partes. *MCS Advantage, Inc. V. Fossas Blanco*, 211 DPR 135, 144 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385–386 (2020); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). Los tribunales estamos impedidos de atender controversias en las que carezcamos de jurisdicción sobre la materia. *MCS Advantage, Inc. V. Fossas Blanco, supra*, pág. 144-145. La jurisdicción sobre la materia ha sido definida como "la capacidad del Tribunal para atender y resolver una controversia sobre un aspecto legal". *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014). Los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción donde no la tienen. *SLG Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Morán v. Martí*, 165 D.P.R. 356 (2005). Los asuntos relacionados a la jurisdicción son privilegiados y deben resolverse con preferencia a cualquiera otro asunto. *SLG Szendrey Ramos v. F. Castillo*, supra pág. 882. Los tribunales deben examinar su propia jurisdicción, así como del foro de donde procede el recurso ante su consideración. *SLG Szendrey Ramos v. F. Castillo*, supra pág. 883.

**B.**

La doctrina de agotamiento de remedios administrativos constituye una norma de autolimitación judicial. *Moreno Ferrer v. Junta Reglamentadora del Cannabis Medicinal*, 209 DPR 430, 435 (2022); citando a: *Procuradora Paciente v. MCS*, 163 DPR 21 (2004); *Mun. de Caguas v. AT & T*, 154 DPR 401 (2001); *Igartúa de la Rosa v. ADT*, 147 DPR 318 (1998). Así pues, las reclamaciones sometidas en la esfera administrativa llegan al foro judicial en el momento

apropiado. *Moreno Ferrer v. Junta Reglamentadora del Cannabis Medicinal, supra,* pág. 435. El propósito de la doctrina de agotamiento de remedios administrativos es evitar una intervención judicial innecesaria y a destiempo que interfiera con el cauce y desenlace normal del procedimiento administrativo. *Íd.* Con ello, "la agencia administrativa puede: (1) desarrollar un historial completo del asunto; (2) utilizar el conocimiento especializado o expertise de sus funcionarios para adoptar las medidas correspondientes de conformidad con la política pública formulada por la entidad, y (3) aplicar uniformemente sus poderes para poner en vigor las leyes, rectificar oportunamente sus errores o reconsiderar el alcance de sus pronunciamientos". *AAA v. UIA,* 200 DPR 903 (2018); *Procuradora Paciente v. MCS, supra.*

La doctrina de agotamiento administrativo aplica a los casos en los cuales una parte que instó o tiene instada una acción en una agencia administrativa, acude luego a un tribunal sin antes haber completado todo el trámite administrativo. *Moreno Ferrer v. Junta Reglamentadora del Cannabis Medicinal, supra,* pág. 436; *Colón Rivera et al. v. ELA,* 189 DPR 1033 (2013); *Guzmán y otros v. ELA.,* 156 DPR 693 (2002). La doctrina de agotamiento de remedios administrativos no debe ser soslayada, salvo que configuren las excepciones que justifican preterir el trámite administrativo. *ORIL v. El Farmer, Inc.,* 204 DPR 229 (2020); *Igartúa de la Rosa v. ADT., supra; Guadalupe v. Saldaña, Pres. UPR.,* 133 DPR 42 (1993). Con ello la Sec. 4.3 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico,* Ley Núm. 38 de 2017, según enmendada, 3 LPRA secs. 9673, (LPAU) establece que:

> El tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los

procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa.

## C.

La LPAU establece el alcance de la revisión judicial de las determinaciones de las agencias administrativas. A tenor de esta y la jurisprudencia aplicable, la revisión judicial esencialmente consiste, en determinar si la actuación de la agencia se dio dentro de las facultades que le fueron conferidas por ley, si es compatible con la política pública que la origina y si es legal y razonable. *Capó Cruz v. Junta de Planificación*, 204 DPR 581, 590-591 (2020). La revisión judicial es aplicable a aquellas órdenes, resoluciones y providencias adjudicativas finales dictadas por agencias o funcionarios administrativos que serán revisadas por el Tribunal de Apelaciones. *Íd.* 3 LPRA sec. 9671. La revisión judicial de determinaciones administrativas responde principalmente a delimitar la discreción de las agencias y velar que ejerzan sus funciones conforme a la ley. *Mun. de San Juan* v. *J.C.A.*, 149 DPR 263, 279 (1999); *Edward Simpson* v. *Consejo de Titulares y Junta de Directores del Condominio Coral Beach*, 214 DPR 370 (2024). La intervención judicial se rige por los parámetros establecidos en la LPAU. *Edward Simpson* v. *Consejo de Titulares y Junta de Directores del Condominio Coral Beach*, *supra*. Asimismo, la sección 4.2 de la LPAU establece que,

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.
> *Íd.* 3 LPRA sec. 9672.

El mecanismo de revisión judicial se extiende a aquellas órdenes, resoluciones y providencias adjudicativas finales dictadas por las agencias o funcionarios administrativos. *Edward Simpson* v. *Consejo de Titulares y Junta de Directores del Condominio Coral Beach, supra*, pág. 378. La LPAU no define lo que es una orden o resolución final pero, el Tribunal Supremo ha definido una orden o resolución final como "las decisiones que ponen fin al caso ante la agencia y que tienen efectos sustanciales sobre las partes". *J. Exam Tec. Med. v. Elías et al.,* 144 DPR 483, 490 (1997). La orden o resolución final, resuelve todas las controversias pendientes ante la agencia y da finalidad al proceso administrativo. *Edward Simpson* v. *Consejo de Titulares y Junta de Directores del Condominio Coral Beach, supra*, pág. 378, citando a: *Miranda Corrada v. DDEC et al.*, 211 DPR 738, 741–742 (2023); *Fonte Elizondo v. F & R Const.*, 196 DPR 353, 358 (2016); *A.R.Pe. v. Coordinadora,* 165 DPR 850, 867 (2005); *Crespo Claudio v. O.E.G.,* 173 DPR 804, 813 (2008); *Comisionado Seguros v. Universal,* 167 DPR 21, 28 (2006). Las decisiones administrativas que no cumplan ese criterio no son revisables judicialmente. *Edward Simpson* v. *Consejo de Titulares y Junta de Directores del Condominio Coral Beach, supra*, pág. 378.

### III.

En el caso de autos, el apelante alegó que el foro primario erró al no expedir un *injunction* puesto que la JLBP le aplicó una ley ex post facto. Ello dado a que la Ley Núm. 85-2024 le privó al señor Franqui Marrero obtener el privilegio de libertad bajo palabra. Por otro lado, arguyó que la JLBP erró en determinar que carecía de jurisdicción en atender su solicitud para beneficiarse del privilegio de libertad bajo palabra.

Por estar relacionados los señalamientos de error, procederemos a discutirlos en conjunto.

Conforme a las normas jurídicas pormenorizadas, la doctrina de agotamiento de remedios administrativos dispone que una parte que esté inconforme con un dictamen final de un organismo administrativo, debe agotar todos los remedios administrativos disponibles ante la agencia. Ahora bien, una vez la parte promovente haya agotado todos los remedios administrativos disponibles, esta puede instar un recurso de revisión judicial para que esta Curia tenga jurisdicción para atender el dictamen recurrido.[14] En conformidad con lo anterior, el recurso idóneo y apropiado para cuestionar una determinación de un organismo administrativo es el recurso de revisión judicial. A esos fines, la LPAU nos ha facultado la tarea de examinar las determinaciones administrativas que una parte promovente interponga en un recurso de revisión judicial, siempre y cuando haya culminado los trámites administrativos.

Tras un examen sigiloso del expediente ante nos, resolvemos que el TPI actuó correctamente en desestimar la causa de acción instada por el apelante ante el foro primario. Como corolario de lo anterior, el recurso de revisión judicial es el mecanismo procesal idóneo para cuestionar la determinación de la JLBP en denegarle gozar del privilegio de libertad bajo palabra. Cónsono con ello, el TPI no es el foro facultado para atender una *Resolución* emitida por una agencia en virtud de que la LPAU nos delegó esa labor.

Ciertamente, el apelante no presentó ante nos el recurso correcto para ejercer nuestra función apelativa para evaluar la *Resolución* emitida por la JLBP, en la que le fue negado al apelante gozar del privilegio de libertad bajo palabra. A esos efectos, el apelante debió haber instado un recurso de revisión judicial para que este Tribunal de Apelaciones tuviera jurisdicción para propiamente examinar la *Resolución* recurrida. Por tanto, el señor Franqui Marrero no agotó los remedios administrativos a su alcance

---

[14] *Véase* Sección 4.2 de la LPAU, 3 LPRA sec. 9672.

para cuestionar el dictamen emitido por la JLBP. Atisbamos que, el foro primario no tenía la facultad para propiamente atender el reclamo del apelante con respecto a la denegación de la JLBP en concederle a este el privilegio de libertad bajo palabra.

A la luz de lo esbozado, resolvemos que el TPI actuó correctamente en desestimar el pleito toda vez que el apelante no presentó un recurso de revisión judicial para oponerse a la determinación de la JLBP.

**IV.**

Por los fundamentos que anteceden, confirmamos la *Sentencia* apelada.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Juez Brignoni Mártir concurre sin escrito.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones